## HATHAWAY *et al. v.* DeSOTO *et al.*

THE plaintiffs purchased from certain grantees of the Mexican Government an undivided one-half of the San Lorenzo Rancho, and received a deed therefor containing a covenant from their grantors who retained the other moiety, that they, plaintiffs, should have a right to an immediate partition, and might divide the premises by a line running east and west or north and south, and upon such division take the west half in one case and the north half in the other. Before the commencement of the present action the title of the grantees of the Mexican Government had been confirmed in the United States Courts but the boundaries were not definitively fixed, the last survey by the Surveyor-General having excluded about 1,500 acres on the south side which had been embraced within the lines as fixed by the decree of the Land Commissioners and for the correction of this alleged error in the survey proceedings were pending. The object of the action was to obtain a partition of that portion of the premises embraced within the Surveyor-General's survey, the plaintiffs setting up their deed as the basis of their right to the partition, and praying that the northern half of this surveyed portion should be set apart to them, leaving the 1,500 acres subject to future arrangement. The decree adjudged that, by the covenant in the deed, plaintiffs were entitled to the partition as sought, and awarded to them the northern half of the surveyed portion in accordance with a division made by commissioners appointed for that purpose by an interlocutory order of the Court. From this decree the defendants, consisting of the other owners and certain incumbrancers, appealed : *Held,* that the decree was erroneous ; that, under the covenants of their deed, plaintiffs could not have set apart to them the northern half of the surveyed portion, and at the same time retain an undivided interest in another portion upon the south side.

*Held, further,* that the proceedings for a partition should either be delayed until a final survey is made, or until a patent issues, or that the partition should be made according to the boundaries, as they might be ascertained in the present proceeding from the description in the original grant.

*Held, further,* that even with the consent of respondents to release all claims to the unsurveyed 1,500 acres on the south, the decree could not be modified by this Court so as to award to plaintiffs the portion set apart to them in

Hathaway *v.* DeSoto.

the decree in full satisfaction of their claims, inasmuch as the boundaries being, by the facts appearing in the record, still undetermined, it was possible that by the final survey the southern boundary might be fixed still north of the line established by the Surveyor-General.

APPEAL from the Third Judicial District.

San Francisco DeSoto, to whom the San Lorenzo Rancho had been granted by the Mexican Government, died in 1845, and by his will devised the said rancho, and all his property, to his wife, Donna Barbara de Castro, in trust for herself and his children, and appointed her and one Peralta as executors. By the will the executors were empowered, upon certain contingencies, to sell the whole or a portion of the property.

Peralta never qualified as executor, and the duties of the trust devolved upon the widow alone. On the twenty-fourth of March, 1853, the executrix executed to Brady and Jones, from whom the plaintiffs derive their title, the following deed:

" STATE OF CALIFORNIA, }
        County of Santa Clara. }

" This indenture, made this twenty-fourth day of March, A. D., one thousand eight hundred and fifty-three, between Dᵃ Barbara Castro, widow of the deceased Don Francisco Soto, resident of the county of Contra Costa, of the first part, and William Carey Jones, of the city of San Francisco, and Lewis Brady, of said county of Contra Costa, parties of the second part, witnesseth: That said party of the first part has bargained and sold, and does hereby bargain, sell, and convey to said parties of the second part, all the right, title, and interest which she, the said Dᵃ Barbara, has or may have, either in her own right or by law, or by the last will and testament of her late deceased husband, or that as executrix or administratrix under said will she has or can have the right to dispose of, in and to the following described property, to wit: All that rancho or tract of land called the Rancho of San Lorenzo, situated in the place called San Lorenzo, in said Contra Costa County, or rather in the lately formed county of Alameda, and which was granted by the Mexican Government to the late Don Francisco Soto, and supposed to contain one sitio and a half, or one and a half square

leagues, Mexican measurement; that is to say, one undivided half part of all of said rancho or tract of land, with all its profits, appurtenances, and advantages; *provided, nevertheless,* that said purchasers, parties of the second part, shall have a right to an immediate partition of said land, and may have the privilege of dividing the same in equal parts, either latitudinally or longitudinally, as may to them seem best; but, *provided,* that if they divide it longitudinally, that is by a line drawn from the creek of San Lorenzo to the creek called Del Alto, they shall not take that portion which lies next to the mountain, but shall take that part which fronts upon the bay; and from such salinas, or salt deposits, as there may be on the same, said Dª Barbara shall always have the privilege to take such portions of salt as she may require; and if said purchasers shall choose to divide the said land latitudinally, that is by a line drawn from the mountains to the bay, then they shall not take that part that lies next to said creek called Del Alto, but shall take that part which lies· next to the creek of San Lorenzo.   And, on the said division being made, this instrument shall operate as an immediate release and conveyance from said party of the first part to the said parties of the second part, of the particular portion of said rancho as under the foregoing conditions they may elect to take, with all its appurtenances, that is the appurtenances of said one-half.   The consideration of this purchase is the sum of $35,000, by said parties of the second part to said party of the first part, in hand paid and secured to her satisfaction, and this sale and conveyance is absolute to said parties of the second part, their heirs and assigns, forever.

" In testimony whereof, we have hereunto set our hands and seals, at Pueblo San José, the day and year above written.

" The words ' to take ' interlined before signing.

" Signed, sealed, and delivered in presence of
   " FREDERIC HALL,
   " PETER DAVIDSON.

her<br>
" BARBARA X CASTRO,   [L.S.]<br>
mark.<br>
" WM. CAREY JONES,   [L.S.]<br>
" LEWIS BRADY.   [L.S.] "

Under this deed Carey and Jones, and subsequently as successors to them, the plaintiffs entered into possession of the northern portion of the rancho, which possession they retained at the commencement of the present action.

Proceedings for confirmation of the grant were commenced before the Board of Land Commissioners by whom the grant was confirmed with certain specified boundaries. From their decree an appeal was taken to the United States District Court, where a final decree of confirmation was rendered leaving the boundaries, as described in the original grant, to be ascertained by official survey. A survey was made by the Surveyor-General, by which about 1,500 acres on the southern side, which had been included within the boundaries as fixed by the Land Commissioners, was excluded, and left without the southern line.

While the question of boundary was in this condition, and proceedings being taken to correct the official survey, the plaintiffs commenced the present action for the purpose of obtaining a partition of the premises, making the widow and other owners, together with certain incumbrancers, parties defendant.

The complaint set up substantially the foregoing facts, and stated that plaintiffs had elected under the stipulation in the deed to take their portion of the land upon the northern side of the rancho, and concluded with a prayer that the portion of the rancho embraced within the survey of the Surveyor-General might be divided by a line running east and west into two equal portions and the northern portion awarded to them, leaving the 1,500 acre tract, which had been excluded by the official survey, to be the subject of future arrangement. Demurrers were interposed to the complaint and overruled. Defendants answered, and a trial was had before the Court without a jury resulting in findings in favor of plaintiffs. An interlocutory decree was entered, adjudging that plaintiffs by virtue of the covenants in the deed above set forth were entitled to the relief prayed for and appointing commissioners to divide so much of the rancho as was included in the official survey. Upon the report of these commissioners, a final decree was entered setting apart to plaintiffs the northern half of the surveyed portion of the rancho. From this decree defendants appeal.

The case was argued by a number of counsel with much re-
search and ability, but principally upon points not touched upon in
the opinion. Whether the complaint stated a cause of action;
whether the will of DeSoto authorized in any event the sale of
the real property; whether if it did, the contingencies upon which
a sale was authorized had arisen at the time the deed was made,
were questions elaborately discussed, but as the decision of the
Court was placed upon grounds not involving these points, it has
not been deemed necessary to state with more particularity the facts
in relation to them or to give the arguments of counsel thereon.

*A. M. Crane* and *Robert Simpson,* for Appellants.

Not only the complaint alleges, but the evidence shows, that the
bounds and extent of this rancho were unsettled.

The map of the Surveyor-General is produced. This map and
survey the plaintiffs say in their complaint is incorrect, and that it
cuts off and excludes 1,500 acres from the rancho as confirmed.
In connection with the map, plaintiffs also produce the certificates
of the Surveyor-General, and copies of the decrees of the United
States District Court. Defendants show that this survey had been
ordered into the United States District Court for revision. And
yet on this unsettled survey—a survey yet pending and undeterm-
ined, one that the plaintiffs tell us in their complaint is grossly
incorrect—this partition is made ! The transcript shows that the
precise land embraced in this incorrect and unsettled survey is the
land actually partitioned. And the Court in its final decree ex-
pressly excepts the 1,500 acres from this partition, and leaves that
to be made the subject of some future partition. The absurdity of
this proceeding is its own best illustration. Suppose the lines and
extent of the rancho should finally be settled altogether different
from and so as to embrace a part only of the land partitioned in
this suit ? Some of the parties might thus be deprived of any land,
and others have more than their fair share.

The lines and boundaries of this rancho are not yet fixed. No
one now knows or can say what are its limits. This is an open
and unsettled question.

But if it may be taken for granted that the land already parti-

tioned will finally fall within the limits of the rancho, (and this is a mere assumption) yet the absurdity of asking for a piece-meal partition still remains. (Story's Eq. Jurisp. sec. 1526; 5 Cal. 114; *Cobin* v. *Corwin*, 15 Wend. 557; *Stevens* v. *Lockwood*, 13 Id. 664; *Bendernagle* v. *Cox*, 19 Id. 202; *Gurnsey* v. *Carver*, 8 Id. 492; *Smith* v. *Jones*, 15 J. R. 229; see also Story's Eq. Pl. sec. 287; Cooper's Eq. Pl. 184, 185; *Pufey* v. *Pufey*, 2 Vern. 29; Milford's Eq. Pl. 183; *Newland* v. *Rogers*, 3 Barb. Ch. 435.)

The plaintiffs claim in their complaint that they are entitled to the north half of the rancho, and so the Court says by its decree. But, by and by, they are to get seven hundred and fifty acres off from the extreme south half, and some two miles distant from where they and the Court say their land lies! When that other partition takes place, the defendants also will get a share in this 1,500 acres, according to the interest held, some of them, as calculation will show, as low as ten acres—every owner being thus provided with two distinct parcels of land at a distance from each other, in virtue of his common ownership in the whole tract. This proposition is too absurd for comment. The foregoing is only a fair statement of not only what might but what will take place in this very case, if the statements of the parties in the pleadings are to be credited, and the final decree provides that it shall or, at least, may occur.

*Nathaniel Bennett*, for Respondents.

It is objected that a partition of the rancho cannot be had, because there is another tract of 1,500 acres, which is claimed by the owners of San Lorenzo Rancho as belonging to their grant, and by the owners of the land adjoining on the south as belonging to them.

There are several answers to this objection: 1st. As the facts are exhibited at present, such additional parcel of land belongs to the rancho adjoining on the south; for by the survey of the United States Surveyor-General, made in pursuance of the decree of the District Court of the United States, this surplus has been included within the bounds of the last mentioned rancho, and excluded from

the limits of the San Lorenzo Rancho. Until that survey is set aside, this additional tract of land belongs, to all intents and purposes, to the southern rancho. 2d. Even though it did belong to the San Lorenzo Rancho, it constitutes a tract separate and apart from it—that is, the San Lorenzo Rancho has definite boundaries, exclusive of that additional parcel of 1,500 acres. Each parcel, therefore, constitutes a distinct lot by itself. And it is an unquestionable rule in equity, that where persons are tenants in common of two or more distinct and separate lots or parcels of land, either one of them may have a partition of one parcel without including the other. The only question, in any event, is one of costs. It may be that the plaintiff, in some cases, will not be allowed costs.

In New York, under the old chancery system, there was an express rule of the Court on the subject, which prescribed, in substance, that where several tracts or parcels of land were owned by the same persons in common, if a separate bill should be filed for the partition of a part thereof only, the share of the complainants might be charged with all the costs; (2 Barb. Ch. Pr. 291; 175th Rule of the Old Court of Chancery of N. Y.) thus, clearly implying that a demurrer would not lie to a complaint, because it sought the partition of only one of several parcels of land held by tenants in common.

There is no more reason, on principle, why a person may not bring a suit to partition one of several parcels of land than there would be in a rule that he should not be permitted to bring ejectment for one of several parcels of land, all of which were held by the same defendant. And it was eminently proper that this suit should be brought as it was. It may and probably will be years before the rights of the contending parties to the 1,500 acres will be settled. And it would, to say the least, be a very great inconvenience to the plaintiffs, and probably to the other owners in common, to be obliged to rest for a long time under the uncertainty of title to which they are subject without a definite boundary line existing between them.

That portion of the complaint relating to the 1,500 acre tract was inserted out of abundant caution, in order that the plaintiffs might not be precluded from claiming their proportion in any after

litigation.   If it does no good in the complaint, it certainly cannot harm it.   And it may be found of benefit in future litigation.   At the worst, it can, for the present, be regarded only as surplusage.

The defendants say : " Suppose the lines of the rancho should finally be settled altogether different from and so as to embrace a part only of the land partitioned in this suit ?"   This supposition is made in connection with the difficulty the defendants find in the partition of the rancho independently of the tract of 1,500 acres. I have but one remark to make on this subject, in addition to what I have already said, and that is, that the supposition of the defendants is wholly inadmissible.   It is not supposable, in this case at least, that the lines of the rancho, or that part of the rancho sought to be partitioned, will be settled in any manner different from the lines as claimed in this suit.   The question has not been raised as to the boundaries of the rancho either in the complaint, or in the answer, or at the trial, or in any part of the proceedings, until, without any basis whatever for it, the point is started by the counsel for the defendants in their argument on this appeal.   It is barely necessary to suggest, that an argument based on a bare supposition is entitled to no weight.   The lines and boundaries of the rancho are fixed—its limits are well known and defined ; so far as those limits are concerned there is no open and unsettled question.   The authorities cited by the defendants have no application, and I shall not take the trouble to review them.   If we are entitled to a partition of the land in question, it is no answer to our application that we may, perhaps, at some future time, ask for the partition of some other and additional tract.

*John Satterlee, Horace Hawes, S. Heydenfeldt, Crockett & Crittenden,* also, for Respondents.   The argument of these gentlemen, as also most of that of Mr. Bennett, was addressed to points not considered in the opinion of the Court.

NORTON, J. delivered the opinion of the Court—FIELD, C. J. and COPE, J. concurring.

The deed, under which the plaintiffs claim title to the premises which they ask to have partitioned, conveys the undivided half of

Hathaway v. DeSoto.

the tract of land called the Rancho of San Lorenzo. It also contains a provision that the grantees shall have a right to an immediate partition, and may divide the premises by a line running east and west or north and south, and upon such division shall take the west half in the one case or the north half in the other. At the time this action was brought, the boundaries of the rancho had not been definitely settled in the proceedings instituted to obtain a patent. This provision for a right to select a definite half contained in the deed, and the uncertainty of the boundary, have occasioned an embarrassment in the proceedings which will require the judgment to be reversed.

The plaintiffs state in their complaint that the United States Surveyor-General has made a survey which cuts off about 1,500 acres from the south side of the rancho, which belongs to the rancho according to the decree of confirmation made by the Board of Land Commissioners, and they ask that a partition be made of the rancho as surveyed by the United States Surveyor-General, and that the north half as so surveyed be allotted to them, excluding from the partition the said 1,500 acres, and leaving that portion to be hereafter partitioned. The decree of partition has been made as asked by the plaintiffs. The interlocutory decree did not direct a simple partition of the rancho into two equal parts, but adjudged that the plaintiffs were entitled to the northern half pursuant to a selection made by them under the terms of the deed, and directed a partition to be made of the rancho, as surveyed by the United States Surveyor-General, by a line running east and west, and that the north half be allotted to the plaintiffs, and that the 1,500 acres be unaffected by the partition, but be left to be hereafter partitioned. The Commissioners made the partition and allotment as directed by the interlocutory decree, and the final decree is the same. It is obvious that the plaintiffs cannot claim and hold the northern half as a strict right under the deed, and at the same time have a right to a portion of the rancho to be hereafter set off to them on the extreme south side of the rancho. This does not depend upon the question whether, upon a partition of a tract of land between two parties owning each an undivided half, the portions allotted to each must in all cases be in one body, but results from the fact that in this

Hathaway *v.* DeSoto.

case the decree is based upon the right claimed by the plaintiffs to a specific part of the rancho. The Court below decided that it was bound by the provisions of the deed to set off to the plaintiffs the portion selected by them. But the provision of the deed is explicit that if the grantees elect to divide by a line running either east and west, or north and south, they must take their portion on one side and not on the other. They have elected, and the Court has decreed that they are entitled to the portion lying north of a line running east and west, and this necessarily excludes them from any portion lying south of that line.

Five briefs have been filed on behalf of the respondents by different counsel, in one of which it is said the respondents are content to take the portion allotted to them and waive any claim to the 1,500 acres, and consent that the decree be amended to that effect. Such a statement made in a brief by one of the several counsel, and not the attorney of record, and not being filed as a stipulation, would hardly authorize this Court to make a modification of the judgment. The Court has a right to modify a judgment on appeal in the respect mentioned in the notice of appeal. In this case, the appeal is from the whole judgment, and every part, but no particular portion is mentioned as specially appealed from. The plaintiffs have not appealed, and we should not be authorized to make such a modification in the decree to their prejudice. They have elected to take a certain portion of the rancho with the right to have a further portion hereafter set off to them; that is, they have asked to have the north half of so much of the rancho, as is included in the survey of the Surveyor-General, now set off to them in case they can hereafter obtain the half of the residue of the rancho. Possibly, they would not have asked or acquiesced in a decree giving them less than one-half of the entire rancho. But if we might make such a modification of the decree, there remains another objection equally fatal. The partition is not made of the rancho as described in the deed under which the plaintiffs hold, but as it has been surveyed by the United States Surveyor-General. But this survey does not appear to be a final survey. It is, therefore, not binding upon the parties to this action. It may be probable that either this survey will become final or that some other survey

will carry the boundary further south and embrace more land, and that hence, the defendants will not be injured but may be benefited by allowing the present partition to stand, but it is possible the ultimate survey and patent may fix the southern boundary still further north ; in that event, the defendants would by this partition be deprived of a portion to which they are entitled—that is, a line dividing the rancho into equal parts as its bounds may ultimately be fixed would run north of the line now fixed. There is no authority for the plaintiffs or the Court to take notice of and make partition according to that survey. Either a partition should be delayed until the survey becomes final or the patent issues, or it should be made according to the boundaries, as they may be ascertained in this proceeding, from the description given in the grant to DeSoto.

Many other objections have been taken in this case, as well to the sufficiency of the allegations of the complaint as to the title of the plaintiffs, depending upon the construction of the will of DeSoto. The conclusion we have arrived at on the point we have been considering has obviated the necessity of deciding upon those other objections, and we deem it appropriate, on account of the importance of some of them, to say that no inference is to be drawn as to our opinion in regard to them from our not having noticed them in this opinion.

The judgment is reversed and the cause remanded for further proceedings.

On application by appellants for a modification of the opinion, NORTON, J. delivered the opinion of the Court—FIELD, C. J. concurring.

We are asked to modify our opinion in this case so far as it " confers or may be construed to confer on the Court below any power or authority to ascertain or settle, for the purposes of this partition, the boundaries or extent of the San Lorenzo Rancho."

No modification of the opinion is necessary. The situation of lands in this State is rendered peculiar by the necessity of having patents issued by the United States for all tracts held by private owners and the uncertainty that must in the meantime exist as to

14

the exact boundaries as they may be ultimately fixed in the patent. If any objection to the making of a partition exists in any case on this account, it should be presented in the answer and the necessary facts set forth, whereupon the Court could determine the necessity and its authority to dismiss the complaint or to stay proceedings until the boundaries should be settled by the proceedings instituted to obtain the patent. In the present case, this objection was not raised to proceeding in the action, and the fact that there were any proceedings pending for a patent only appears incidentally. After this case is returned to the Court below, either party will have an opportunity to apply to that Court for leave to amend the pleadings, or by a petition to present the necessary facts to show the propriety of a stay of proceedings, and if granted, then upon the boundaries becoming fixed by the proceedings before the United States tribunals, to bring the proper facts into the case by amendment or supplementary pleadings.

The application to modify the opinion is, therefore, denied.